UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA MAIETTA and WESLEY WILSON III,<br>   the plaintiffs,<br>v.<br><br>C. R. BARD INCORPORATED and BARD PERIPHERAL VASCULAR INCORPORATED,<br>   Defendants. | Civil Action No.  2-19-CV-04170-MMB |

### C. R. BARD, INC.'S AND BARD PERIPHERAL VASCULAR, INC.'S MOTION TO STRIKE PLAINTIFFS' UNTIMELY EXPERT DISCLOSURE

For the first time in their final pretrial memorandum, the plaintiffs identified "Royal Bunin" as a damages expert witness. When asked who Mr. Bunin was, and whether he was previously disclosed, counsel for the plaintiffs summarily stated, "[h]e is an economist," "he will give us a report and we can discuss. Not a big deal." (E-mail exchange between counsel for the plaintiffs and Defendants, attached as Exhibit A.) Identifying a new expert witness in a final pretrial memorandum, providing no Rule 26 report, and doing so without any justification (let alone the necessary substantial justification) long past the close of discovery and only a few weeks from trial, however, *is* a big deal and the Court should not permit Mr. Bunin to testify at trial. Counsel for Bard has met and conferred with counsel for the plaintiffs, asking that he voluntarily withdraw the late-disclosed expert, but counsel for the plaintiffs have not withdrawn the expert.

### BACKGROUND

As part of case-specific discovery, the parties were required to produce case-specific expert reports by May 11, 2021, and any rebuttal reports by July 1, 2021. (*See* January 12, 2021, Court

1

Order (Doc. 32). The plaintiffs did not identify Royal Bunin in their Expert Disclosures, in any other of their other disclosures, or in their discovery responses.

Only in their Final Pretrial Memorandum, filed *more than a year* after the close of discovery, did the plaintiffs first identify Royal Bunin as witness number 64, a "Will Call" damages witness. (ECF No. 125 at 19.) To date, the plaintiffs have provided no information about Mr. Bunin or his purported opinions beyond saying in a September 20, 2022, meet and confer e-mail that "[h]e is the economist." (Ex. A.) Nor have the plaintiffs provided any explanation as to why Mr. Bunin was not identified in the summer of 2021 when expert disclosures were due. Trial is set to begin on November 7, 2022.

## ARGUMENT AND CITATION OF AUTHORITY

Federal Rule of Civil Procedure 26(a)(2) provides that an expert "disclosure must be accompanied by a written report—prepared and signed by the witness . . . [and] must contain [among other things] (i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the facts or data considered by the witness in forming them, and that expert disclosures "*shall* be made at the times and in the sequence directed by the Court." F.R.C.P. 26(a)(2) (emphasis added). Rule 37 sets forth potential sanctions for a party's failure to disclose such report: "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Third Circuit has enumerated four factors that a district court should consider before excluding evidence under Rule 37: (1) bad faith or willfulness in failing to comply with the court's order; (2) prejudice or surprise of the party against whom the evidence is directed; (3) the ability of that party to cure the prejudice; and (4) the potential disruption of the ordinary trial of the case

or other cases in court. *Perkasie v. Advance Transformer*, 143 F.R.D. 73 (E.D. Pa. 1992); *see also Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).

In *Perkasie*, Judge McGlynn was presented with a similar situation that this Court is presented with: near trial, the plaintiffs submitted a late report of an economist which introduced new theories of damages. *Id.* In excluding this testimony, the court noted, "The court's ability to exclude undisclosed witnesses in compliance with a pretrial order is essential to avoid unnecessary expense or delay. Therefore, the issue is to be resolved at the discretion of the trial judge." *Id.* at 75.

On the first factor (bad faith or willfulness in failing to comply with court's order), the court in *Perkasie* found no explanation for failure to comply with the initial order and an unwarranted delay in producing the expert report. *Id.* at 76. On the factor of prejudice/surprise, the Court found that the new theories and methodology contained in the expert report would be prejudicial to defendant, noting, "[a] party is not permitted to postpone identification of its own witnesses and the substance of their testimony until a critical point in the proceedings at which it will become extremely burdensome for his opponent to prepare effective to meet them." *Id.* On the ability of the defendant to cure the prejudice, the court noted that defendant would be required to depose the plaintiffs new experts, retain its own economic expert and realign its defense strategy accordingly, and "[t]o impose these added burdens when defendant's preparation for the approaching trial will be absorbing all of its time and resources would be unduly prejudicial and patently unfair, especially when the opposing party has offered no valid justification for ignoring the court's deadline." *Id.* at 77. Further, the court noted that although a continuance could conceivably cure the prejudice and give additional time to prepare defendant's case, "[t]he court does not feel compelled to do so. The court is not required to mechanically grant such

3

postponements in the absence of a showing of good cause, lest its orders be regularly disregarded. In addition, the court sees no reason to reward the party who causes the prejudice without good cause while the opposing party has conscientiously complied with its scheduling responsibilities." *Id*.

Here, applying the Third Circuit's four-factor test for exclusion of evidence under Rule 37, weighs heavily in favor of excluding Ms. Maietta's late-identified economist. First, the plaintiffs willfully failed to comply with the Court's expert disclosure deadline, and identified Mr. Bunin for the first as witness expected to testify at trial more than a year after the expert disclosure deadline and less than two months before trial. And the plaintiffs still have not provided his Rule 26 report. The plaintiffs also failed to seek Court permission before identifying Mr. Bunin as an expert or for permission to submit his Rule 26 report at this late hour. Rather, they simply identified him among a long list of witnesses in their Final Pretrial Memorandum as witness number 64, without any explanation or substantial justification. The plaintiffs placed the onus on Bard to find this needle in their haystack of witnesses, seek additional information about Mr. Bunin, and engage in motion practice on the eve of trial.

On the second factor, Defendants are undoubtedly surprised and prejudiced by the identification of this additional expert. To date, Bard does not know anything about this expert, does not know his opinions, has been deprived of an opportunity to depose him, has been deprived of an opportunity to name a rebuttal expert of its own, has been deprived of an opportunity to file a motion to exclude the expert's opinions, if warranted, and has no sense of how the expert's opinions might impact Bard's trial strategy.

With respect to the third factor, the prejudice cannot be cured at this late hour under the current schedule. Bard is in the midst of preparing for trial and cannot, without being prejudiced,

4

take time away to learn about this new expert's (still undisclosed) opinions, prepare for and take his deposition, potentially retain its own expert to offer rebuttal opinions, and adjust its trial strategy, witness testimony, and cross examination strategy.

Finally, if Mr. Bunin is allowed to testify, it will result in the potential disruption of the ordinary trial of the case or other cases in court, because production of a Rule 26 report, preparing for a deposition on that report, conducting the deposition, responding with a new defense expert, and adjusting trial strategy as needed is impossible within the current timeframe given the other extensive pretrial activity necessary to prepare the case for the November 7 trial setting. As Judge McGlynn concluded in *Perkasie*, "[t]o impose these added burdens when defendant's preparation for the approaching trial will be absorbing all of its time and resources would be unduly prejudicial and patently unfair, especially when the opposing party has offered no valid justification for ignoring the court's deadlines." *Perkasie*, 143 F.R.D. at 77; *see Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 721 (3d Cir. 1997) (affirming exclusion of late disclosed expert witness when "trial counsel was, at best, attempting to gain a tactical advantage" by not disclosing expert until pretrial conference, which was three weeks before scheduled trial date, and never disclosing expert report).

Accordingly, applying all four factors discussed in *Perkasie,* Mr. Bunin should from excluded testifying at trial.

## **CONCLUSION**

For all of the foregoing reasons, Bard respectfully requests that the Court grant its Motion to Strike the Plaintiffs' Untimely Expert Disclosure of Mr. Bunin.

DATED this 27th day of September, 2022.

[SIGNATURE ON NEXT PAGE]

Respectfully submitted,

  *s/ Matthew E. Brown*
Matthew E. Brown
Pa. Bar No. 93541
Nelson, Mullins, Riley & Scarborough, LLP
One Financial Center, Suite 3500
Boston MA  02111
(Tel) 617-573-4700
E-mail: matt.brown@nelsonmullins.com

Richard B. North, Jr. (*Pro Hac Vice*)
Elizabeth C. Helm (*Pro Hac Vice*)
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
404-322-6000
E-mail: richard.north@nelsonmullins.com
E-mail: kate.helm@nelsonmullins.com

James F. Rogers (*Pro Hac Vice*)
1320 Main Street, 17th Floor
Columbia, SC 29201
Tel: (803) 255-9489
Email: jim.rogers@nelsonmullins.com

Brian T. Feeney
GREENBERG TRAURIG, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
Tel: 215-988-7877
Fax: 215-988-7801
feeneyb@gtlaw.com

*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

# EXHIBIT A

**From:** Cliff Rieders <crieders@riederstravis.com>
**Sent:** Wednesday, September 21, 2022 1:27 PM
**To:** Matt Brown <Matt.Brown@nelsonmullins.com>
**Cc:** Mark O'Connor <moconnor@beusgilbert.com>; Julia Reed Zaic <julia@hrzlaw.com>; Laura Smith <laura@hrzlaw.com>; Debbie Bueno <dbueno@riederstravis.com>; Jessica Gallentine <jgallentine@beusgilbert.com>; Sasha Coffiner <scoffiner@riederstravis.com>; Pam Shipman <pshipman@riederstravis.com>; Jim Rogers <jim.rogers@nelsonmullins.com>; Kate Helm <Kate.Helm@nelsonmullins.com>
**Subject:** RE: Maietta v. Bard: Royal Bunin

I do not recall but he will give us a report and we can discuss. Not a big deal. Just current value info

**From:** Matt Brown <Matt.Brown@nelsonmullins.com>
**Sent:** Wednesday, September 21, 2022 9:56 AM
**To:** Cliff Rieders <crieders@riederstravis.com>
**Cc:** Mark O'Connor <moconnor@beusgilbert.com>; Julia Reed Zaic <julia@hrzlaw.com>; Laura Smith <laura@hrzlaw.com>; Debbie Bueno <dbueno@riederstravis.com>; Jessica Gallentine <jgallentine@beusgilbert.com>; Sasha Coffiner <scoffiner@riederstravis.com>; Pam Shipman <pshipman@riederstravis.com>; Jim Rogers <jim.rogers@nelsonmullins.com>; Kate Helm <Kate.Helm@nelsonmullins.com>
**Subject:** RE: Maietta v. Bard: Royal Bunin

Thanks for getting back to me, Cliff, we did see that after "googling" him. Was he disclosed before the plaintiffs' final pretrial statement?

Matt

**From:** Cliff Rieders <crieders@riederstravis.com>
**Sent:** Tuesday, September 20, 2022 5:40 PM
**To:** Matt Brown <Matt.Brown@nelsonmullins.com>
**Cc:** Mark O'Connor <moconnor@beusgilbert.com>; Julia Reed Zaic <julia@hrzlaw.com>; Laura Smith <laura@hrzlaw.com>; Debbie Bueno <dbueno@riederstravis.com>; Jessica Gallentine <jgallentine@beusgilbert.com>; Sasha Coffiner <scoffiner@riederstravis.com>; Pam Shipman <pshipman@riederstravis.com>; Jim Rogers <jim.rogers@nelsonmullins.com>; Kate Helm <Kate.Helm@nelsonmullins.com>
**Subject:** RE: Maietta v. Bard: Royal Bunin

He is the economist

**From:** Matt Brown <Matt.Brown@nelsonmullins.com>
**Sent:** Tuesday, September 20, 2022 12:35 PM
**To:** Cliff Rieders <crieders@riederstravis.com>
**Cc:** Mark O'Connor <moconnor@beusgilbert.com>; Julia Reed Zaic <julia@hrzlaw.com>; Laura Smith <laura@hrzlaw.com>; Debbie Bueno <dbueno@riederstravis.com>; Jessica Gallentine <jgallentine@beusgilbert.com>; Sasha Coffiner <scoffiner@riederstravis.com>; Pam Shipman <pshipman@riederstravis.com>; Jim Rogers

<jim.rogers@nelsonmullins.com>; Kate Helm <Kate.Helm@nelsonmullins.com>
**Subject:** Maietta v. Bard: Royal Bunin

Counsel:

In reviewing plaintiffs' pretrial memorandum today, we noticed that plaintiffs identified **Royal Bunin** as witness number 64 as a "Will Call" damages witness.  We can find no reference to Mr. Bunin in any previous disclosure in this case, however.  By C.O.B. tomorrow, please either identify where Mr. Bunin has been previously and properly disclosed, or confirm that plaintiffs will withdraw him and not call him at trial.  Absent the identification of previous and proper disclosure, or withdrawing Mr. Bunin, Bard will be forced to raise the issue with Judge Baylson.

Matt

Matthew E. Brown | Nelson Mullins
One Financial Ctr., Ste. 3500 | Boston, MA 02111
matt.brown@nelsonmullins.com | 617-217-4619

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.